Elvira Lemon VALORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 52703.

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Fred A. Carver, Michael D. Matheny, Beaumont, on appeal only, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

By per curiam opinion, this cause was abated to allow the trial judge to hear oral arguments in accordance with Art. 40.-09(11), V.A.C.C.P. This proceeding was conducted and the appeal is now before us for consideration on the merits.

Appellant was convicted of voluntary manslaughter. Her punishment was assessed at ten years' confinement.

Appellant's first ground of error asserts that the evidence is insufficient to support the conviction because her voluntary confession was not corroborated by the State. Specifically, appellant argues that the corpus delicti was not established.

■ In *Self v. State*, Tex.Cr.App., 513 S.W.2d 832, we stated that the corpus delicti in a prosecution for murder consisted of two elements: the body or the remains of the body of the victim must be found and identified,[1] and it must be shown that the victim's death was caused by the criminal act of another.

■ Our decision in *Self*, supra, also states:

"Proof of the corpus delicti may not be made by an extrajudicial confession alone, but proof of the corpus delicti need not be made independent of an extrajudicial confession. If there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the corpus delicti." 513 S.W.2d at 835.

■ These rules must be applied to the evidence adduced at trial. On July 24, 1974, the deceased, Romie Singleton, was shot as she attempted to leave a vehicle parked on a Port Arthur street. The following day, the appellant went to the police station and made a written statement. The confession portion of this statement reads:[2]

"When I turned the corner at Memphis and 6th St. I saw my car parked in that block with my husband and a woman sitting in it. I pulled the car that I was driving up next to the car that they were sitting in and took my purse and got out of the car and went around to the driver's side where Joseph was sitting. *I don't remember what was said at that time because I was so mad that I could not think clearly.* I reached in my purse with my left hand and searched for the gun. I found it and pulled it out and fired one shot at my husband with my left hand while he was sitting in the car. I had never shot a pistol with my left hand before so I don't know where the bullet went. When I shot Joseph got out of the car and I ran around the back of the car and he chased me. When I got around to the passenger's side of the car where the ditch was Joseph caught up with me and grabbed me from behind. I saw Romie Singleton getting out of the car *and when Joseph grabbed me the gun went off* and I saw Romie fall to the ground. Joseph then took the gun away from me."

Lieutenant Jerry Fontenot, a Port Arthur police officer, testified for the State. He stated that he had heard the shots fired from the gun. Fontenot was on a narcotics stakeout on the night of the offense and was positioned approximately one hundred and fifty yards from the scene of the crime. The officer testified that he did not see the shooting, but that the shots were fired simultaneously.[3]

After hearing the shots, the officer went to the scene of the offense. He recovered the gun from the appellant's husband and conducted a general investigation of the incident. Appellant had left the scene after her husband recovered the gun from her.

The State also introduced the revolver used by the appellant and photographs of the deceased.

The evidence offered by the State, coupled with appellant's confession, is sufficient to establish the corpus delicti of the

---

1. Although not presented in this case, this element was based upon the provisions of Art. 1204 P.C. (1925), which was repealed with the enactment of the 1974 Penal Code.

2. The entire confession was admitted into evidence. The State introduced the portion not italicized. The italicized portion was introduced by appellant.

3. Fontenot's offense report did not describe the time interval between the two shots. The officer testified: "I would say [the shots were] simultaneous, just one right after the other, probably as quick as a trigger could be fired, just BANG BANG."

crime. *Self v. State*, supra. The first ground of error is overruled.

Appellant next challenges the sufficiency of the evidence to show the required culpable mental state.

The indictment alleges that appellant:

" . . . did then and there intentionally and knowingly cause the death of Romie Singleton by shooting her with a handgun; AND . . ., did then and there, intending to cause serious bodily injury to an individual, Romie Singleton, commit an act clearly dangerous to human life, to wit: did then and there shoot the said Romie Singleton with a handgun thereby causing the death of said individual. . . . "

█ This charging instrument alleges the offense of murder as defined in V.T.C.A., Penal Code Sec. 19.02(a)(1) and (2). The jury found that the appellant committed the offense of voluntary manslaughter because she caused the death "under the immediate influence of sudden passion arising from an adequate cause." V.T.C.A., Penal Code Sec. 19.04(a). Appellant's conviction for voluntary manslaughter under Sec. 19.-04(a), supra, can only be upheld if the evidence is sufficient to prove that she committed acts that otherwise would constitute murder under Sec. 19.02(a)(1) or (2), supra, as charged in the indictment.

Initially, we observe that the appellant, in her written statement, did not confess to the offense of murder as charged in the indictment. She confessed to firing at her husband, but she did not confess to intentionally shooting the deceased nor did she state she intended, by her actions, to cause serious bodily injury to to the deceased.

The statements of Fontenot only corroborate the confession to the extent that both his testimony and her written statement assert that two shots were fired.

The evidence admitted to support the conviction consists of:

1. Appellant's confession, which does not admit the offense charged in the indictment.

2. Appellant's statement in her confession that she was at the scene of the crime and possessed a revolver.

3. Appellant's statement in her confession that the revolver in her possession discharged and the victim fell to the ground.

4. Officer Fontenot's testimony that he heard two shots fired simultaneously. (See footnote 3.)

5. The photographs of the victim, and the physical evidence of the revolver.

█ This evidence must be reviewed in the light most favorable to the verdict. *Murray v. State*, Tex.Cr.App., 505 S.W.2d 589.

█ Two established rules support the conviction. First, the jury is allowed to accept a portion of a witness's testimony and reject the remaining part. *Hemphill v. State*, Tex.Cr.App., 505 S.W.2d 560.

The jury in the case at bar was authorized to accept Fontenot's testimony that the shots were fired one after another. At the same time, the trier of fact in this case had the option of accepting part of the statements made by the appellant and rejecting the remainder. The jury, therefore, could have accepted appellant's confession that she was at the scene of the crime with a gun in her possession which discharged and felled the victim. And, the jury could have rejected appellant's statements raising the defense of accident[4] and negating her intention to kill the victim.

█ The second rule which militates against the overturning of the jury's verdict concerns the use of a deadly weapon per se. When such a weapon is used, as in the case at bar, a presumption arises that the accused intended to kill the victim. *Fentis v. State*, Tex.Cr.App., 528 S.W.2d 590.

This presumption and the rules described in *Murray* and *Hemphill*, supra, support the verdict of guilty. Officer Fontenot's testimony and the inculpatory portion of the appellant's confession negate the theory of

---

4. An instruction concerning accident was given to the jury in the court's charge.

accident and support the conclusion of the jury that an intentional killing occurred. We conclude that the evidence is sufficient. The second and third grounds of error are overruled.

■ Appellant's next ground of error challenges the trial court's denial of a motion for mistrial following certain testimony given by Fontenot on redirect examination.

The record reflects the following question and answer:

"Q. Lieutenant Fontenot, Mr. Carver, as part of his cross-examination when asking you your opinion, he made the statement that it was your contention that both shots were fired from the driver's side. Is that what your investigation led you to believe?

"A. Yes, sir. From everything that I understood in talking to Mr. Valore indicated to me that they were fired from the driver's side of the vehicle."

The trial court sustained appellant's objection to this testimony and instructed the jury to disregard the statement. Appellant's motion for mistrial, however, was denied.

We hold that the court's instruction was sufficient to cure any error caused by the unresponsive answer.

In two grounds of error appellant complains of jury argument. She first complains of the trial court's refusal to grant a mistrial when the prosecutor argued outside the record that the deceased had family and friends in the community.

■ The court sustained appellant's objection and instructed the jury to disregard the prosecutor's statement. This was sufficient to cure the harm, if any, caused by the argument.

She also asserts that reversible error was committed when the prosecutor directly referred to the appellant's failure to testify.

■ The record demonstrates, however, that the prosecutor did not directly refer to the appellant's failure to testify. When read in context, the prosecutor's statements referred to his inability to obtain eyewitness testimony.

Furthermore, no objection or any other request for relief was voiced by the appellant at this stage in the jury argument. Appellant has failed to preserve error for our review. *Heredia v. State,* Tex.Cr.App., 528 S.W.2d 847; *Sloan v. State,* Tex.Cr. App., 515 S.W.2d 913. The grounds of error on jury argument are overruled.

■ The last three contentions assert error in the jury selection process. It is first contended that the trial court intentionally declined to comply with the statutory procedure provided for formation and selection of the jury. Appellant cites no authority in support of her position, nor does she inform us of what specific statutory procedure was not followed by the trial judge. Indeed, the only specific assertion made by the appellant is that the action of the trial judge was "in direct violation of the Texas Code of Criminal Procedure."

We also observe that the appellant received no adverse ruling from the trial judge in regard to her objections concerning the formation of the jury. The ground of error is overruled.

■ The final two grounds of error complain that the trial court erred in excusing, on its own motion, two prospective jurors. A trial court should not, sua sponte, excuse prospective jurors for cause unless they are absolutely disqualified. *Pearce v. State,* Tex.Cr.App., 513 S.W.2d 539; *Henriksen v. State,* Tex.Cr.App., 500 S.W.2d 491.

■ The appellant, however, has not shown how she was harmed by the action of the trial court, nor has she established that she was tried by a jury to which she had "legitimate objection." *Henrickson,* supra. No reversible error is demonstrated. The final grounds of error are overruled.

The judgment is affirmed.