Lamon JOHNSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–266–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 22, 1983.

Rehearing Denied March 15, 1984.

Douglas Tinker, Tinker & Tor, Corpus Christi, for appellant.

Thomas Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for murder. Appellant was convicted on June 2, 1982, and sentenced the same day to a term of seven years' confinement in the Texas Department of Corrections. Appellant appeals to this Court on seven grounds of error.

In his first ground of error, appellant contends that the trial court erred in excusing a juror on its own motion when no challenge had been made to such juror, the juror was not excludable, and appellant objected to her being excused.

We feel that the Court of Criminal Appeals' holding in *Martinez v. State*, 621 S.W.2d 797 (Tex.Cr.App.1981) is dispositive of the case before us. The Court of Criminal Appeals reversed and remanded that case because the trial court erred in excusing a venire person on its own motion. The individual in question was disinclined to accept the responsibility of sitting in judgment of another human being. In that case, the State had exhausted its peremptory challenges, and the Court noted that the action of the trial court was the same as if it had given the State an additional peremptory challenge. Therefore, harm was shown, and reversal was ordered.

In the instant case, the venire person in question was excused by the trial judge simply because she had relatives visiting. Appellant objected to her being excused. The State exhausted all of its peremptory challenges. There was no evidence to show that the venire person in question fell into any of the three categories under TEX. CODE CRIM.PROC.ANN. art. 35.16(a) (Vernon Supp.1982–83), for which impanelment on a jury is forbidden. Neither the State nor appellant challenged this individual for cause. Therefore, we must follow the mandate of the Court of Criminal Appeals. Appellant's first ground of error is

sustained. Therefore, we need not address his remaining grounds of error.

The judgment of the trial court is, accordingly, REVERSED, and the cause is REMANDED.

## ON MOTION FOR REHEARING

KENNEDY, Justice, concurring.

I concur in overruling the State's motion for rehearing. The record shows that Mrs. Leonard was qualified for jury service, that the Court excused her on its own motion, and that the State exhausted all of its peremptory challenges.

To the reasoning expressed in the majority opinion I would add that TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon 1966) has no application to the situation in this case. Art. 35.03 allows the trial court to excuse a person summoned for jury service if he "deems the excuse sufficient." By its placement in the Code of Criminal Procedure before those articles regulating impanelment of the venire panel and by its application through the years, art. 35.03 is limited in scope to those excuses heard and determined before the clerk draws "the names of a sufficient number of jurors from which a jury may be selected to try a case" pursuant to TEX.CODE CRIM. PROC.ANN. art. 35.11 (Vernon 1966). I believe that once the venire panel has been impaneled, art. 35.03 has no application. At that point the trial court should not, on his own motion, excuse a prospective juror unless he is absolutely disqualified. *Hawkins v. State*, 628 S.W.2d 71 (Tex.Cr.App. 1982); *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.1980); *Valore v. State*, 545 S.W.2d 477 (Tex.Cr.App.1977).

Where a qualified juror has been erroneously excused and the State has exhausted all of its peremptory challenges, harm is shown. *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978). It is not necessary for the appellant to show that the prospective juror would have served except for the trial court action when the State has exhausted its peremptory challenges. *Mitchell v. State*, 645 S.W.2d 295 (Tex.Cr.App.1983).

I agree that the motion for rehearing should be overruled.

GONZALEZ, Justice, dissenting.

I am of the opinion that the State's motion for rehearing should be granted and appellant's first ground of error overruled. Appellant's objection was insufficient to preserve the error now argued on appeal, and even if error was preserved, the trial court had discretion to excuse the juror under art. 2120, TEX.REV.CIV.STAT. ANN. (Vernon Supp.1982–83), and TEX. CODE CRIM.PROC.ANN. art. 35.03 (Vernon 1966).

Appellant's first ground of error alleges that:

"The trial court erred in excusing the juror Leonard on his own motion when no challenge had been made to such juror, she, in no way, was disqualified from serving and the appellant objected to her being excused."

On voir dire, Mrs. Leonard was examined as follows:

Q. *By Mr. Gilmore* (the prosecutor): Miss Leonard, do you have some difficulty in sitting in this case?

A. Only the fact that I have children and grandchildren who are visiting for about a week and I'm not looking forward to spending the time in court instead of visiting with them.

Q. Is that going to keep you from being a fair juror in the case and listen to the evidence?

A. I would try not to be.

Q. Try not to be, try to be a fair juror?

A. Try to be fair. I would hope that I would be fair.

Q. And you never served on a jury before?

A. No. They've called me but never chosen me.

MR. GILMORE: I believe that's all of the questions I have.

## EXAMINATION

BY MR. TINKER (defense attorney):

Q. Is Dick Leonard related to you, a probation officer in Corpus Christi?

A. No.

Q. He is assigned to this area?

A. No. My husband's name is Richard but never called Dick.

Q. This is a young man.

A. No.

Q. Whatever it was to anybody who has been called and/or not chosen, do you feel like a reject and you want to know what was wrong with me, what happens is that both sides will ask questions of jurors like we are today and then we strike the names of those folks that we don't want. He strikes the names of those folks he thinks might lean toward my side of this lawsuit and I strike the names of those folks that I think might see his side of this lawsuit. So if you are not chosen, that means one of us loves you. Don't get your feelings hurt.

I admit I try to get rid of the folks that I think might be glaring at him and he tries to get rid of the folks that he thinks that people know me. So don't have any feelings if you don't make it.

Do you believe in the law of self-defense?

A. Yes.

Q. Do you think it's a good law?

A. Yes, I do.

Q. Will you do your best to place yourself in a position and view the evidence in the eyes of Mr. Johnson if you're on this jury?

A. That's right.

Q. And will you be sure before you vote guilty?

A. I would have to be.

Q. How long are your kids going to be home?

A. They leave Monday.

MR. TINKER: That's all of the questions I have, Your Honor.

No challenge for cause on Mrs. Leonard was made by the State or appellant. After the voir dire of all the panel was completed, the Court informed the attorneys:

The Court: ... I'm going to go ahead and excuse the lady who wants to be with her family, Mrs. Leonard, on my own motion for the excuse that she gave me earlier. That's No. 46.

Mr. Tinker: Your Honor, I object to you excusing her.

The Court: You may have your objection. She's excused for the reasons given earlier. She has family and friends in.

Mr. Tinker: For the record, your honor, its my position that that is not the kind of excuse to inconvenience, that the court has the authority to discharge a juror.

I am of the opinion that appellant's objection was insufficient to preserve the ground of error now argued on appeal. In *Bodde v. State,* 568 S.W.2d 344, 349 (Tex. Cr.App.1978) (en banc), a capital murder case, the trial court excused a juror on its own motion after she testified that she had recently had a nervous breakdown and expressed a concern that she might again experience emotional problems if sequestered.

The court said:

When the prospective juror was not challenged for cause by the State, the court should not have excused her on grounds which did not show an absolute disqualification. See Art. 35.19, V.A.C.C.P.; *Valore v. State,* 545 S.W.2d 477 (Tex.Cr. App.1977); *Moore v. State,* supra [542 S.W.2d 664 (Tex.Cr.App.1976) ]; *Henriksen v. State,* 500 S.W.2d 491 (Tex.Cr. App.1973). The venire member certainly would have been subject to a challenge for cause under Art. 35.16(a)(4) on the ground that she had "such bodily or mental defect or disease as to render [her] unfit for jury service...." Appellant has not shown how he was harmed by the exclusion of Teter nor has he established that he was tried by a jury to which he had a legitimate objection. See *Valore v. State,* supra; *Moore v. State,* supra; *Henriksen v. State,* supra. Moreover, when the venire member was excused, appellant merely excepted to the court's ruling and did not object, as

he does on appeal, that the venire member was not challenged for cause. Nothing is presented for review. See *Moore v. State*, supra.

*Bodde*, 568 S.W.2d at 349.

In the instant case, there was no objection by appellant that Mrs. Leonard was excused even though she was not challenged for cause; *appellant's objection was that a juror could not be excused for the reason given by the court.*

Even if error has been preserved, the majority's reliance on *Martinez v. State*, 621 S.W.2d 797 (Tex.Cr.App.1981), is misplaced. In *Martinez*, harm was apparent because the venireman excused was favorable to the defendant and since the State exhausted its peremptory challenges, the excuse by the trial court was tantamount to giving the State an extra peremptory challenge. Here, Mrs. Leonard was impartial and her being excused did not amount to giving the State an additional strike. No injury to appellant is alleged or shown.

Furthermore, in my opinion, the trial court's excuse of Mrs. Leonard was authorized by article 2120 [1] and TEX.CODE CRIM.PROC.ANN. art. 35.03. [2]

There are those who state that TEX. CODE CRIM.PROC.ANN. art. 35.03 and art. 2120 do not apply once a panel has been qualified. I disagree. This should not be confused with the principle of law that a trial court should not on its own motion excuse a prospective juror *for cause* unless he is absolutely disqualified from serving on the jury. *We are not dealing with a challenge for cause, but with an excuse for some other reason.*

Many counties utilize the system of one judge qualifying the central jury panel for all jurors summoned for service in the various courts for that week. From this central panel, the clerk makes up the list for the panels of the various courts as needed.

Some multi-county districts follow the practice of one judge qualifying the panel and some other judge presiding over the jury selection. However, *under the majority's holding, the only judge with discretionary power to excuse a prospective juror from jury duty is the judge who qualifies the panel.* Even though these very judges tell prospective jurors to bring up excuses of a purely personal nature with the presiding judge to whose court they are assigned, this is a useless act since these judges, under the majority's holding, do not have discretionary power to grant excuses. This is an illogical and an inefficient way to operate our system and there are no cases, statutes, or rules that mandate this result. On the contrary, TEX.CODE CRIM.PROC.ANN. art. 35.03 and art. 2120 give trial judges discretionary power under these circumstances.

What if after the panel is qualified, an emergency occurs—such as an illness in the family, or the prospective juror's presence is necessary elsewhere to save his property from destruction. Does it make any sense to hold that the trial judge has no discretion in excusing the juror for service on some other week?

I believe that the following statement from 50 C.J.S. *Juries* § 205 a & b (1947) accurately summarizes the law in this area:

The matter of excusing jurors is addressed to the sound discretion of the trial judge, the exercise which will not be interfered with unless it is clearly shown

---

1. TEX.REV.CIV.STAT.ANN. art. 2120 (Vernon Supp.1984) provides that:

    "The court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term; provided, however, the court shall not excuse any juror for economic reasons unless all parties of record are present and approve such excuse."

    Art. 2120 has been applied in criminal cases. *See White v. State*, 591 S.W.2d 851, 857–58 (Tex.

Cr.App.1979) (*en banc*); *Dent v. State*, 504 S.W.2d 455 (Tex.Cr.App.1974); *Ott v. State*, 627 S.W.2d 218 (Tex.App.—Fort Worth 1981, D.R. Ref'd).

2. TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon 1966) provides:

    "The court shall then hear and determine excuses offered for not serving as a juror, and if he deems the excuse sufficient, he shall discharge the juror."

to have been abused to the actual prejudice of the complaining party.

No fixed rule controls the court in the exercise of its discretion as to excusing jurors, and it rests within its power to excuse jurors for reasons which are regarded as sufficient by the court or to refuse to excuse them where it deems the ground insufficient. The court may in the exercise of its discretion excuse jurors for reasons which constitute no legal ground of disqualification or exemption, but which are purely personal to the juror. Accordingly a juror may be excused because of illness in his family, or because of difficulties of travel, or where his family is without protection and needs his presence, or where his business interest would be materially injured, or where his presence is necessary to save his property from destruction, or for other adequate cause.

In this connection, I wholeheartedly agree with the language in *Ott v. State*, 627 S.W.2d 218, 227 (Tex.App.—Fort Worth 1981, D.R.Ref'd) wherein the court wrote:

"While jury service is vital and essential, and while most citizens of this state are aware of this, some people called for jury service on relatively short notice, simply have insurmountable problems in serving in a particular week that must be recognized by the trial judge.

Prior commitments of jurors, made sometimes weeks and months before their call to duty, are extremely difficult, if not impossible, to change or postpone. To do so, in many cases, would work severe hardship on the very people on which the jury system in this state depends. The trial court must be allowed some leeway and authority to use some judgment in excusing jurors entirely or in postponing jury service for those individuals."

In summary, the trial court had discretion to excuse Mrs. Leonard. No abuse of discretion is shown and appellant has neither shown how he was harmed, nor has he established that he was tried by a jury to which he had a legitimate objection. *See*

*Goodall v. State, 47 S.W. 359 (Tex.Cr.App. 1898); Valore v. State,* 545 S.W.2d 477 (Tex.Cr.App.1977); *Escalante v. State,* 394 S.W.2d 518 (Tex.Cr.App.1965). I would overrule appellant's first ground of error.