**Douglas Andrew BECKLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–230–CR.**

Court of Appeals of Texas,
Fort Worth.

March 17, 1992.

Allan K. Butcher, Hill, Beatty, Butcher & Gallagher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Crim. Dist. Atty., Chief of the Appellate Section, Tanya S. Dohoney, David Montague, Asst. Crim. Dist. Attys., Fort Worth, for State.

Before WEAVER, C.J., and DAY and MEYERS, JJ.

## OPINION ON REHEARING

WEAVER, Chief Justice.

Appellant's motion for rehearing is granted. Our original unpublished opinion dated December 11, 1991, is withdrawn and substituted with the following. Appellant, Douglas Andrew Beckley, was convicted by a jury of aggravated sexual assault of A.S., a child under fourteen years of age. TEX. PENAL CODE ANN. § 22.021 (Vernon 1989). He was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for fifteen years. We reverse.

Appellant brings six points of error, and complains that the trial court erred by: 1) excluding evidence that the complainant's sister ("M.G.") had made false accusations that the appellant had sexually assaulted her, but were later recanted by her; 2) failing to strike a nonresponsive appellant answer that "opened the door" to impeachment evidence concerning an extraneous offense; 3 & 4) allowing hearsay testimony under the child abuse outcry statute[1] where the State failed to provide the appellant with the required notice, and where the person testifying had not been shown to qualify as an outcry witness; 5 & 6) and denying appellant a dismissal by refusing to grant him a speedy trial, and refusing appellant a jury instruction on same.

■ Under appellant's first point of error, some background is needed for clarity. Appellant was accused and convicted of inserting his finger into the "female sexual organ" of A.S., the three year old daughter of his live-in-girlfriend, Karen. The date of the incident concerning A.S. was July 10, 1988. A.S. was five years old at trial. At the time of the incident, A.S. and Karen

were living with appellant, his parents, and his grandfather. M.G., the complainant's sister, also lived from time to time within this household. M.G. had also made a formal allegation that on February 1, 1988, appellant had committed aggravated sexual assault by "inserting his finger into her (M.G.'s) female sexual organ." Prior to actual trial on either cause, M.G. recanted her allegations and her accusation was withdrawn. The trial court, over defense counsel objection, excluded as irrelevant any evidence concerning the above recantation. M.G. was not a fact witness to the offense charged and the State did not call M.G. to testify at trial. Appellant contends that the jurors should have known that the sister (M.G.) of the complainant (A.S.) had made the same accusations, against the same person (appellant), and indictments based on those accusations were handed down by the same grand jury on the same day with sequential numbers, and that those accusations were baseless. He further argues that exclusion of these facts limited his right to fully cross-examine witnesses testifying against him and to bring evidence to the jury that tended to discredit the State's evidence, in violation of TEX. CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). Urging that the exclusion is admissible as a false prior accusation, instead of exclusion based on the proffered evidence being collateral and irrelevant, appellant directs us to *Polvado v. State*, 689 S.W.2d 945 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), and *Thomas v. State*, 669 S.W.2d 420 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

The above cited cases are distinguishable from this case on appeal. In *Polvado*, the defendant successfully complained of the exclusion of evidence of a false prior accusation against him, made by the brother of the complainant. The brother testified at trial on behalf of the State, corroborating the complainant's story as to the defendant's proximity at the time of the offense. *Polvado*, 689 S.W.2d at 949–50. In *Thomas*, the complainant herself had voiced prior allegations of sexual assaults by strangers,

---

1. *See* TEX. CODE CRIM.PROC. ANN. art. 38.072 (Vernon Supp.1991).

and the trial court's exclusion of such evidence preempted the jury's ability to accurately gauge the complainant's credibility. *Thomas*, 669 S.W.2d at 421–23. In both of the above cases, the evidence which was excluded called into question the credibility of witnesses crucial to the establishment of the offense. *Lackey v. State*, 777 S.W.2d 199, 200 (Tex.App.—Fort Worth 1989, no pet.). In the instant case, M.G. was not a witness to the crime, nor was she called by the State to testify. Her credibility was never in issue. We find that M.G.'s recantation which was excluded was not relevant to the offense for which appellant was on trial. Appellant's first point of error is overruled.

■ We now consider appellant's second point of error. During the direct examination of appellant, the following exchange occurred:

Q. [Appellant's Counsel]: Do you—look at this jury and tell them whether or not you have ever sexually molested this child, A.S.

A. I never sexually molested this child **or any other child.**

Q. Would you restrict your answer, please, to my question.

A. I've never—

[State]: Your Honor—

A. I've never sexually molested **any**—this child—

[Appellant's Counsel]:

Q. Would you please answer my question and would you—

A. No. Was that what you want me to say?

Q. Tell this jury whether or not you have ever sexually molested A.S.

A. No, I have never sexually molested A.S.

[Appellant's Counsel]: I believe that's all.

[State]: Your Honor, we'd better excuse the jury.

. . . .

[JURY NOT PRESENT]

[Off the record]

THE COURT: All right.

[Appellant's Counsel]: I would like to move to ask the Court to strike the answer of this Defendant in which I asked him to please tell the jury whether or not he had ever sexually molested A.S. and he answered in substance, "I have never sexually molested any child." Since that answer was not responsive, I would like to move to strike that answer and have him—have the jury not consider that answer and then have him answer the question in a responsive way.

THE COURT: Well, the Court is of the opinion that **the door has been opened and that the State will be entitled to examine him with respect to other extraneous offenses having to do with sexual assault of a child.** Nothing else. If there is anything else out there, I don't think the door has been opened to that, but it has been opened to extraneous offenses which concern sexual assault of a child.

[Appellant's Counsel]: The Court is denying my motion?

THE COURT: Yes. [Emphasis added.]

Appellant contends under this point of error, that the trial court erred in failing to strike the remark "or any other child" that was found to open the door to impeachment by other extraneous sexual assault offenses. We disagree. In order to have timely objected to his own witnesses' non-responsive answer, appellant's trial counsel must have lodged an objection at the earliest opportunity or as soon as the ground of objection became apparent. *See Polk v. State*, 729 S.W.2d 749, 753 (Tex.Crim.App. 1987). Here, the appellant's counsel continued in his questioning for three more exchanges, and the State requested the jury to be excused, not appellant's counsel. The trial court did not err in failing to strike this non-responsive answer. Additionally, appellant concedes in his brief that he **gratuitously** volunteered the subject nonresponsive answer. Thus, when the appellant gratuitously testified that he never molested "any other child," the trial court did not err in allowing impeachment showing that he has lied or is in error as to that matter. *Hammett v. State*, 713 S.W.2d

102, 105 (Tex.Crim.App.1986). Appellant's second point of error is overruled.

By his third and fourth points of error, appellant complains that the trial court erred in allowing Kathy B. to testify about an outcry of another five-year old child, S.B., regarding an alleged extraneous sexual assault against that child by appellant. These points of error stem directly from the trial court's ruling that the "door had been opened" as to any other child sexual assaults allegedly committed by the appellant, as discussed in point of error number two. Following that ruling, the State immediately cross-examined the appellant concerning a similar sexual assault of S.B. After appellant's denial of that accusation, the State called S.B. to testify, and she denied that the appellant had ever sexually assaulted her. The State then called S.B.'s mother, Kathy, to the stand and asked her what S.B. told her in regard to the appellant. The following exchanges which bear on these points of error then occurred at the trial:

[Defense Counsel]: Your Honor, we'd object to this. This is hearsay. The Court has qualified this witness as to what—as to being a competent witness, and she's trying to tell what the child said. And the Court has qualified the child as a witness, and this is strictly hearsay as far as this case is concerned.

THE COURT: It ordinarily would be hearsay. Is this witness an outcry witness?

[State]: I think it's admissible for two reasons, Your Honor. First off, I have informed Mr. Pringle [defense counsel] that this is the outcry witness; and secondly, I think we're entitled to impeach our own witness, and I think it's admissible for impeachment purposes.

[Defense Counsel]: There is no impeachment here that I know of. She didn't—the child didn't testify about any balloons.

THE COURT: I'm assuming that she's being offered also as the outcry witness in this case.

[Defense Counsel]: Not in this case, Your Honor. Not in this case.

THE COURT: I mean in the extraneous matter.

[Defense Counsel]: Yes, in the extraneous matter.

THE COURT: Well, I'll overrule the objection then.

[Defense Counsel]: There is no notice of outcry witness offered to have this witness testify in this case.

THE COURT: Well, I'll overrule the objection.

The State argues that appellant has waived his third and fourth points of error regarding Kathy's testimony of S.B.'s outcry by failing to raise those specific complaints at trial. We reject this contention because, if the outcry statute does apply to the facts of this case regarding S.B. and Kathy, then appellant clearly preserved error in this regard by his objection to Kathy's testimony on hearsay grounds. *See Long v. State,* 800 S.W.2d 545, 546 (Tex. Crim.App.1990). We note that if the outcry statute applied to Kathy's testimony regarding S.B.'s outcry, the record indicates that no effort was made by the State or the trial court to comply with the mandatory provisions of article 38.072 including notice requirements and a hearing on the reliability of the hearsay statements. *Id.* at 547.

The outcry statute provides for the admission of hearsay testimony in a proceeding in the prosecution of an offense committed against a child twelve years of age or younger. In the present case, appellant was prosecuted for the aggravated sexual assault of A.S., a three-year-old child, and A.S.'s outcry was properly admitted. However, article 38.072, section 2(a) provides that the hearsay exception provided by the outcry statute applies only to statements that describe the alleged offense, in this case being the alleged sexual assault of A.S. by appellant.

We do not interpret the outcry statute exception to hearsay testimony as extending to an outcry of a child respecting a collateral matter or an extraneous offense, such as that involving S.B.'s outcry in this case. Thus, there was no outcry statute exception to Kathy's hearsay testimony of

S.B.'s outcry in this case. Accordingly, we hold that the trial court erred in permitting Kathy's hearsay testimony regarding S.B.'s outcry, under the outcry statute.

We recognize that if there is any theory of law applicable to the case, reversal will not result just because evidence is correctly admitted but for the wrong reason. *See Calloway v. State,* 743 S.W.2d 645, 651–52 (Tex.Crim.App.1988). We reject the State's alternative theories for admissibility, i.e., that Kathy's testimony was proper either as rebuttal testimony or impeachment testimony. We see S.B.'s testimony as a proper attempt of impeachment of appellant after he denied assaulting her. But the cases cited by the State for authority that Kathy's testimony may be treated in like fashion to impeach S.B.'s or appellant's testimony are not on point and are distinguishable. In short, we find no proper vehicle in which introduction of Kathy's hearsay statements should have been admitted before the jury and hold that the trial court erred in this regard. Additionally, because Kathy's testimony was detailed and explicit concerning various vulgar sexual acts allegedly perpetrated upon S.B., we hold that this error did contribute beyond a reasonable doubt to appellant's conviction. *See* Tex. R. App. P. 81(b)(2). We sustain appellant's third and fourth points of error.

Under his fifth and sixth points of error, appellant complains that the trial court erred in failing to discharge him because of his right to a speedy trial and in refusing to give him a jury instruction concerning same.

Factors to consider under appellant's speedy trial argument are: 1) the length of delay; 2) reasons for the delay; 3) appellant's assertion of his right; and 4) prejudice to appellant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

As to the first three factors, appellant was initially charged as to A.S. in an indictment filed on August 11, 1988, and reindicted on July 10, 1990, based on the same incident. The case was set for trial seven times during its two year pendency. During this two year pendency, there were anywhere from 1200 to 1800 felony cases on the docket. Appellant's motion for speedy trial was considered and granted by the trial court in August of 1988, with a handwritten notation "to be reached at earliest possible time on Docket." However, on each of the settings, the trial court was actually in trial. Appellant's trial counsel never requested a special setting on this case. According to testimony from the court coordinator and the State, previously filed causes, most of which involved incarcerated defendants, were a major reason for the delay. There is no indication that anything other than a good faith effort was made to supply the appellant with a speedy trial.

As to the fourth factor, prejudice to the appellant, he was only incarcerated 47 days as to A.S.'s offense, being out on bond thereafter. The other major contention concerning prejudice by the delay is that Karen's (A.S.'s mother) testimony changed from favorable to unfavorable in regard to the appellant. The trial court stated that her opinion as to whether or not the appellant was guilty was not relevant because she didn't see the abuse, she was not present when A.S.'s outcry was made, she was asleep when the incident occurred, and that she did not know any facts about it. Under these circumstances, and after examining the conduct of the State and the appellant, we hold that the appellant was not deprived of his due process right to a speedy trial.

The trial court ruled that appellant's jury charge request concerning speedy trial was a matter of law and not one for the jury to decide. We agree. Appellant's fifth and sixth points of error are overruled.

The trial court's judgment is reversed and the case is remanded for a new trial.