TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00412-CR







Jeffery Steven Marx, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7723, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING








 After finding appellant guilty of two counts of aggravated sexual assault of a child
younger than fourteen years of age, (1) the jury assessed punishment on each count at confinement
for life and a fine of $10,000. Appellant asserts five points of error, contending that the trial
court erred by:  (1) failing to grant appellant's motion for instructed verdict on the anal
penetration count; (2) allowing medical testimony regarding oral statements made to the doctor
during a physical examination; (3) failing to grant appellant's motion for mistrial when the
prosecutor commented on appellant's failure to testify; (4) allowing the mother of a victim to
testify as an outcry witness regarding an extraneous offense; and (5) allowing the testimony of a
witness who did not meet the requirements of article 37.07 of the Texas Code of Criminal
Procedure. We will affirm.

 In his first point of error, appellant contends that there was no evidence of
appellant's penetration of the victim's anus with his finger other than appellant's extrajudicial
confession. (2) Appellant urges that the trial court erred in failing to grant his motion for instructed
verdict on this count.

 Under the corpus delicti rule, our task as a reviewing court is to consider all the
evidence other than the accused's extrajudicial confession in the light most favorable to the
conviction to determine whether the evidence tended to show that the crime was committed. See
Fisher v. State, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993). Such evidence need not be
sufficient by itself to prove the corpus delicti. See Valore v. State, 545 S.W.2d 477, 479 (Tex.
Crim. App. 1977). Even though the circumstances are ambiguous in some respects and far from
adequate to support the conclusions, "the evidence for corroboration of an extrajudicial confession
need only render the corpus delicti more probable than it would be without the evidence." 
Gribble v. State, 808 S.W.2d 65, 73 (Tex. Crim. App. 1990).

 Dr. Sandra Thomas, a specialist in pediatrics testified that she examined J.M. when
she was five and a half years old. J.M. told Dr. Thomas that her uncle (appellant) put his pee pee
into hers; it happened several times; it hurt and she cried. Dr. Thomas stated that J.M. further
told her that appellant went inside her many times. Dr. Thomas said the victim expressed concern
that Thomas would be mad at her if she told Thomas about what had happened. An examination
of the victim's hymen revealed that it was ruptured in several places. Dr. Thomas opined that this
was consistent with sexual abuse. An examination of the anus revealed no tears. However, Dr.
Thomas related that penetration could occur without tearing because a lot of penises are about the
same size as a child's stools.

 J.M. testified that appellant raped her. In response to numerous questions J.M.
answered that she did not remember. She testified that appellant would prevent her from leaving
his room, but she did not remember what he did. Appellant told her that he would hurt her and
her cousins after he got out of jail if they ever told anyone. At the time of her testimony, J.M.
stated that she was afraid of appellant; he said that "he would come back and get me."

 J.M.'s grandmother, Wanda Sue Smith, testified that J.M. wanted to tell her
something if she would not tell her daddy. J.M. said that her Uncle Jeffery (appellant) had "put
his ding-ding in my pee pee till I had to go potty." Smith stated that at that time J.M. was not
familiar with terms for female and male body parts; "she didn't know what was what." Dr. Anita
Calvert, a psychotherapist, started seeing J.M. in 1994 and testified as to problems J.M. had
experienced since her initial examination. J.M. had shown anger, lack of trust, aggressive
behavior, nightmares and inappropriate conduct at school that were consistent with a child who
had suffered sexual abuse.

 While the circumstances are ambiguous and inadequate to support the corpus
delicti, we hold that the evidence furnished sufficient corroboration of appellant's extrajudicial
confession in that it rendered the corpus delicti more probable than it would have been without
the evidence. Appellant's point of error is overruled.

 In his second point of error, appellant contends that the examination of J.M. by Dr.
Sandra Thomas was strictly for investigation and statements made to Dr. Thomas were not
admissible under Texas Rule of Evidence 803(4). Rule 803(4) provides:


Statements made for purposes of medical diagnosis or treatment and describing
medical history, or past or present symptoms, pain, or sensations, or the inception
or general character of the cause or external source thereof insofar as reasonably
pertinent to diagnosis or treatment.



Tex. R. Evid. 803(4) (emphasis added). Appellant's argument is based on Dr. Thomas having
made her examination at the request of the sheriff's department. Appellant urges that the purpose
of the examination was for obtaining evidence rather than for the treatment of J.M. Appellant
notes that the examination was made on August 17, 1994, sometime after J.M. had reported the
offense to her grandmother the first part of August 1994.

 Appellant likens the instant cause to Cole v. State, 839 S.W.2d 798 (Tex. Crim.
App. 1990). The letter report of the D.P.S. chemist in Cole was excluded as not falling within
any exception for the hearsay rule. See at 806. The court reasoned that the chemists in Cole were
"certainly important participants in the investigative and prosecutorial effort." Id. at 803. The
court held that the "absent chemist reports . . . were matters observed by law enforcement
personnel and were therefore inadmissible as an exception to the hearsay rule. . . ." Id. at 806.

 Dr. Thomas testified that she was not the treating physician for J.M. prior to or
following the examination. However, the exception to the hearsay rule contained in Rule 803(4)
applies to medical diagnosis as well as treatments. Clearly, Dr. Thomas could not be
characterized as an agent of law enforcement. We hold that the testimony of Dr. Thomas relative
to the statements made to her by J.M. was admissible under Rule 803(4). Appellant's second
point of error is overruled.

 In his third point of error, appellant urges that the trial court erred in not granting
appellant's motion for mistrial when the prosecutor commented on appellant's failure to testify
in jury argument at the punishment phase of the trial. The following transpired during the
prosecutor's argument that forms the basis of appellant's complaint.


[Prosecutor]:  There is a common theme that runs through defense's argument he
just made and the crimes that Jeffrey Marx committed, I would suggest to you
there is.


How about selfishness?


How about selfishness to serve his own twisted, sexual fantasies, his own sexual
desires and then what does he come up here and say to you.


Does he say, "I'm sorry"?


Does he say, "Do whatever is best for society"?



Defense counsel's objection that the prosecutor had commented on the defendant's failure to
testify was overruled. Motion for instruction to disregard was denied. (3)

 A prosecutor cannot comment on the lack of evidence presented where the comment
necessarily refers to the defendant's failure to testify, but language that can be reasonably
construed as a failure to present evidence other than the defendant's testimony is not a comment
on the failure to testify. See Wolfe v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996). That
such language might be construed as an implied or indirect allusion to the defendant's failure to
testify is not enough to warrant exclusion. Id.

 Defense witness Dr. David Poole, a psychologist with memberships in associations 
having to do with child abuse, opined that his examination of appellant showed that he was in the
regressed category, and as such, was a better subject for rehabilitation than a person who is a
pedophile. Dr. Poole testified that the first step toward rehabilitation for a regressed person is
to admit the problem. Dr. Poole concluded his direct testimony by stating that appellant had a
reasonably good prospect for rehabilitation. Under cross-examination, Dr. Poole testified that
appellant had not expressed any remorse to him. Prior to the prosecutor's argument, defense
counsel argued that Dr. Poole's examination showed that appellant was regressed, and a good
candidate for rehabilitation. Defense counsel urged the jury to consider probation if it found
punishment on the lower end.

 In the instant cause, the prosecutor prefaced his argument by stating that there is
a "common theme that runs through defense's argument he just made . . . ." Defense counsel had
asked the jury to consider probation based on the psychologist's testimony. However, the
psychologist had testified that admission of guilt was necessary for rehabilitation, and that
appellant had not shown remorse. In light of the foregoing factors it can reasonably be construed
that the prosecutor was referring to defense counsel's argument. See Lipscomb v. State, 467
S.W.2d 417, 420 (Tex. Crim. App. 1971). We hold that the language used was not such as to
constitute a necessary reference to appellant's failure to testify. Appellant's third point of error
is overruled.

 In his fourth point of error, appellant contends that the trial court abused its
discretion in allowing Donna Barber to testify at the punishment stage of the trial as an outcry
witness to her daughter K.E.'s statement about appellant abusing her. Appellant urges that K.E.'s
statement was not reliable as to time, content and circumstances as required by article 38.072 of
the Texas Code of Criminal Procedure because the alleged outcry was made in response to
Barber's interrogating phone call to K.E.

 At the outset it should be noted that article 38.072 expressly provides this article
"applies only to statements that describe the alleged offense." Tex. Code Crim. Proc. Ann. art.
38.072, § 2(a) (West Supp. 1999); see also Beckley v. State, 827 S.W.2d 74, 78 (Tex. App.--Fort
Worth 1992, no pet.). However, nothing is preserved for review unless defense counsel asks the
trial court to exclude this testimony because it describes events other than the alleged offense. On
appeal, as in the trial court, appellant asks that the testimony be excluded because it was given in
response to Barber's questions. See Gallegos v. State, 918 S.W.2d 50, 56 (Tex. App.--Corpus
Christi 1996, pet. ref'd).

 Barber testified that she learned that complaints had been made by children against
appellant when she was at the jail to secure the release of her sister, the wife of appellant. 
Knowing that K.E. had spent time at appellant's house, she called K.E. to ask if anything had
happened to her when she was at her uncle's (appellant's) house. K.E., age nine at the time,
initially gave answers that did not relate to anything of a sexual nature. However, when Barber
asked, "What did Jeff [appellant] do," K.E. replied "he touched me." When Barber asked
"where," K.E. replied that appellant "stuck his finger down her pants." Barber also related that
the next day K.E. told her that appellant put his hands down her and up in her. None of Barber's
questions suggested what answers K.E. should give.

 A common thread running through child abuse cases is the victims' fear they may
be punished or harmed by the accused if they tell about the abuse. Such reluctance to tell is a
rational reason courts have held that the trial court is afforded broad discretion to determine if the
complainant's statement falls within the article 38.072 hearsay exception. The exercise of that
discretion will not be disturbed unless the record shows a clear abuse of discretion. We hold that
the trial court did not abuse its discretion in admitting the complained of testimony.

 In his fifth point of error, appellant contends that the trial court erred in admitting
the testimony of A.W. at the punishment phase of the trial because it did not meet the
requirements of Mitchell v. State, 931 S.W.2d 950 (Tex. Crim. App. 1996), and article 38.072
of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.072(3)(a) (West
Supp. 1999). In Mitchell, the court held that the trial court has the responsibility of determining
the threshold admissibility of extraneous offenses at the punishment phase; however, the jury as
the exclusive judge of the facts is to determine whether the State has proved the extraneous offense
beyond a reasonable doubt and should be so instructed when requested. See Mitchell, 931 S.W.2d
at 954.

 A.W. testified at the Mitchell hearing that in 1994 appellant "pulled down my pants
and he put his finger in my private." Dr. Sandra Thomas, M.D., testified at the Mitchell hearing
that she did a sexual abuse examination on A.W. on April 3, 1995. While Dr. Thomas said A.W.
was reluctant to talk about it, but told her that her uncle (appellant) had touched her several times
over the spring and summer of 1994. Dr. Thomas' examination showed "She [A.W.] had several
tears, hymenal remnant. The examination was consistent with abuse." A.W. and Dr. Thomas
repeated their foregoing testimony before the jury.

 Appellant urges that the trial court should not have admitted the evidence because
the State did not meet its threshold burden at the Mitchell hearing because no dates were given and
A.W.'s answers were contradictory. Mitchell held that the trial court was the exclusive judge of
the law when making a judgment on the threshold admissibility test, and the trial court's action
as to admissibility is reviewed under an abuse of discretion standard. See Mitchell, 931 S.W.2d
at 955. We hold that the trial court did not abuse its discretion in allowing the evidence of the
extraneous offense to be introduced before the jury. Appellant's fifth point of error is overruled.

 The judgment is affirmed.



 


 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: December 2, 1999

Do Not Publish

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 1999).
2. The trial court's admission into evidence of appellant's confession was affirmed by this
Court in Marx v. State, 953 S.W.2d 321 (Tex. App.--Austin 1997), aff'd, Marx v. State, 987
S.W.2d 577 (Tex. Crim. App. 1999).
3. Appellant also includes the prosecutor's argument that followed in this point of error. 
His objection in the trial court that the prosecutor was striking at his client over counsel's
shoulders does not conform to his point of error on appeal and will not be considered.



. told her that appellant put his hands down her and up in her. None of Barber's
questions suggested what answers K.E. should give.

 A common thread running through child abuse cases is the victims' fear they may
be punished or harmed by the accused if they tell about the abuse. Such reluctance to tell is a
rational reason courts have held that the trial court is afforded broad discretion to determine if the
complainant's statement falls within the article 38.072 hearsay exception. The exercise of that
discretion will not be disturbed unless the record shows a clear abuse of discretion. We hold that
the trial court did not abuse its discretion in admitting the complained of testimony.

 In his fifth point of error, appellant contends that the trial court erred in admitting
the testimony of A.W. at the punishment phase of the trial because it did not meet the
requirements of Mitchell v. State, 931 S.W.2d 950 (Tex. Crim. App. 1996), and article 38.072
of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.072(3)(a) (West
Supp. 1999). In Mitchell, the court held that the trial court has the responsibility of determining
the threshold admissibility of extraneous offenses at the punishment phase; however, the jury as
the exclusive judge of the facts is to determine whether the State has proved the extraneous offense
beyond a reasonable doubt and should be so instructed when requested. See Mitchell, 931 S.W.2d
at 954.

 A.W. testified at the Mitchell hearing that in 1994 appellant "pulled down my pants
and he put his finger in my private." Dr. Sandra Thomas, M.D., testified at the Mitchell hearing
that she did a sexual abuse examination on A.W. on April 3, 1995. While Dr. Thomas said A.W.
was reluctant to talk about it, but told her that her uncle (appellant) had touched her several times
over the spring and summer of 1994. Dr. Thomas' examination showed "She [A.W.] had several
tears, hymenal remnant. The examination was consistent with abuse." A.W. and Dr. Thomas
repeated their foregoing testimony before the jury.

 Appellant urges that the trial court should not have admitted the evidence because
the State did not meet its threshold burden at the Mitchell hearing because no dates were given and
A.W.'s answers were contradictory. Mitchell held that the trial court was the exclusive judge of
the law when making a judgment on the threshold admissibility test, and the trial court's action
as to admissibility is reviewed under an abuse of discretion standard. See Mitchell, 931 S.W.2d
at 955. We hold that the trial court did not abuse its discretion in allowing the evidence of the
extraneous offense to be introduced before the jury. Appellant's fifth point of error is overruled.

 The judgment is affirmed.



 


 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: December 2, 1999

Do Not Publish

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 1999).
2. The trial court's admission into evidence of appellant's confession was affirmed by this
Court in Marx v. State, 953 S.W.2d 321 (Tex. App.--Austin 1997), aff'd, Marx v. State, 987
S.W.2d 577 (Tex. Crim. App. 1999).
3. Appe