COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-264-CR

 

 

DONALD FRANKLIN CONNALY                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Donald Franklin
Connaly of aggravated sexual assault of a child and assessed his punishment at
ten years= confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant contends (1) that
the judgment and verdict are void because the senior district judge sitting by
assignment allegedly had not been appointed to sit in the trial court and had
not taken the required oath and (2) that the trial court abused its discretion
by admitting hearsay.  Because the trial
court did not err, we affirm the trial court=s
judgment.

In his first point, Appellant, relying on Lee
v. State,[2]
argues that, although he did not object to the visiting senior judge=s
presiding over his trial, the judge=s
actions are, nonetheless, of no effect and should be deemed void, not just
voidable, because there is nothing in the record to show that the judge was
appointed or that he took the requisite oath. 
The State, however, argues that the judge=s
actions are not void, but voidable.  When
an action by the trial court is not void, but voidable, the complaint is
preserved for appellate review only if it is raised by objection or other
complaint in the trial court.[3]








Appellant cites no constitutional or statutory
authority requiring a visiting judge=s
judicial oath or appointment confirmation to be included within the record of
each and every trial over which the judge presides.  Nothing in the record indicates that the
visiting senior judge did not take the oath or that he was not properly
appointed.  The record, therefore, does
not support a complaint that the trial judge did not take the oath and was not
properly appointed and could not, therefore, lawfully sit as the presiding
judge over the trial.  Appellant could
easily have sustained his burden by objecting to the trial judge and making
sufficient record at trial or by filing a motion for new trial and making the
necessary record at that time.  But as
the record stands, there is no evidence that the trial judge did not take the
necessary oaths and was not properly assigned to try the case now before this
court.

Additionally, Athe
presumption of regularity of trial court judgments and proceedings applies to
appellate challenges of visiting trial court judges for alleged failures to
take their constitutionally required oath.@[4]  An appellant who makes a challenge to the
lawfulness of a visiting trial judge=s
presiding over a trial must make a prima facie showing that the trial judge did
not take the required oath before an appellate court will consider the issue on
the merits.[5]  The burden is on the moving party to overcome
the presumption of regularity.[6]  Because Appellant did not sustain this
burden, we overrule his first point.








In his second point, Appellant challenges the
admission of various items of evidence that he characterizes as hearsay.  He complains of the stepmother=s friend=s
written statement, the stepmother=s
testimony regarding a statement made to her by the complainant, the stepmother=s
written statement, the complainant=s taped
interview with a social worker, and a protective order issued from Hill
County.  But Appellant briefed only his
complaint that additional outcry statements were inadmissible because of
noncompliance with article 38.072 of the code of criminal procedure, relying on
Rodriguez v. State.[7]  That is, he complains that the child=s
stepmother=s statements should not have
been admitted because the stepmother=s
friend, not the stepmother, was listed on the State=s outcry
notice, and only one outcry witness is permitted.

The stepmother=s
testimony was not admitted as outcry evidence. 
Rather, it was admitted as a prior consistent statement.  Additionally, at trial, Appellant objected to
the child=s stepmother=s
recitation of what the complainant told her only as hearsay.  He did not complain when it was admitted that
it was a second outcry, nor does he direct us to any place in the record where
he lodged an objection that the stepmother=s
testimony constituted a second outcry. 
We overrule Appellant=s
complaint regarding the testimony of the child=s stepmother.








Appellant did not brief his other hearsay
complaints.  To the extent that he raised
them only to show the degree of harm from what he considered to be the improper
admission of a second outcry statement, we overrule them as moot.  To the extent that he raised them as
independent complaints, we overrule them as inadequately briefed.[8]  We overrule Appellant=s second
point.

Having overruled both points, we affirm the trial
court=s
judgment.

 

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 11, 2009











[1]See Tex. R. App. P. 47.4.





[2]555 S.W.2d 121, 124 (Tex.
Crim. App. 1977).





[3]Miller v. State, 866 S.W.2d 243, 245B46 (Tex. Crim. App.
1993); Lopez v. State, 57 S.W.3d 625, 628 (Tex. App.CCorpus Christi 2001, pet.
ref=d); see Wilson v.
State, 977 S.W.2d 379, 379B80 (Tex. Crim. App. 1998).





[4]Murphy v. State, 95 S.W.3d 317, 320
(Tex. App.CHouston [1st Dist.] 2002,
pet. ref=d) (op. on reh'g).





[5]Id.





[6]Id.





[7]819 S.W.2d 871, 872, 874
(Tex. Crim. App. 1991); see also Long v. State, 800 S.W.2d 545, 546
(Tex. Crim. App. 1990); Beckley v. State, 827 S.W.2d 74, 79 (Tex. App.CFort Worth 1992, no
pet.).





[8]See Tex. R. App. P. 38.1(i);
Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256
(Tex. Crim. App. 1998).