Thomas MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 60246.

Court of Criminal Appeals of Texas, En banc.

Sept. 23, 1981.

Joseph Chagra, Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. & Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

A jury found the appellant guilty of murder and assessed a punishment of 23 years' confinement. This appeal was submitted to a panel of this Court, which affirmed the judgment. Rehearing en banc was granted, for reasons which shall appear below. Because it now appears that the appellant's fifth ground of error must be sustained, the panel's opinion will be withdrawn, although (as shall also appear below) we adhere in substance to its discussion of that ground.

The fifth ground complains of the excusing of Venire Member Clifford. At the beginning of the voir dire, the appellant asked the venire if the nature of the offense of murder would keep any member from being a fair juror. Clifford and two other venire members raised their hands. Later in the voir dire these members were called individually to the bench, where the following took place:

"THE COURT: * * *

"Mr. Clifford, you indicated that you didn't think that you could be fair in this case. Let me ask you this question: Could you sit, if you are selected as a juror, and listen to the testimony that comes from the witness stand and base your decision solely on what you hear from the witness stand?

"JUROR CLIFFORD: Yes, sir. I could do that.

"THE COURT: O.K.

"JUROR CLIFFORD: But my problem is I don't think I am qualified to sit in judgment of another human being on a crime as serious as murder. That is my problem. I think if I was selected as a juror I could be fair, but I think the responsibility is more awsome [sic] than I want to accept to judge another human being for murder. That is my problem.

"MR. WRIGHT [Prosecuting Attorney]: If the evidence were to show—

"THE COURT: Mr. Wright, he has answered the question. I am going to excuse him.

"Number 28. Mr. Clifford.

"JUROR CLIFFORD: Yes, sir.

"THE COURT: Be back at 3:15.

"MR. CHAGRA [Defense Counsel]: The defendant is going to object to the court excusing that juror.

"THE COURT: O.K. Your objection is overruled. He stated that he didn't feel he could be fair."

The panel's opinion by Judge Clinton treated this ground in the following way (footnotes renumbered):

"In *Esquivel v. State*, 595 S.W.2d 516, 524 (Tex.Cr.App. 1980) the Court reiterated the well settled rule that:

'A trial judge should not on its own motion excuse a prospective juror for cause unless he is *absolutely disqualified* from serving on a jury.'

This rule is also stated in *Sanne v. State*, 609 S.W.2d 762, 770 (Tex.Cr.App. 1980), *Bodde v. State*, 568 S.W.2d 344, 349 (Tex.Cr. App. 1978), *Valore v. State*, 545 S.W.2d 477 (Tex.Cr.App. 1977), *Moore v. State*, 542 S.W.2d 664 (Tex.Cr.App. 1976), *Pearce v. State*, 513 S.W.2d 539 (Tex.Cr.App. 1974) and *Henriksen v. State*, 500 S.W.2d 491 (Tex.Cr.App. 1973). Article 35.19, V.A.C. C.P. entitled 'Absolute Disqualification' provides that:

> 'No juror shall be impaneled when it appears that he is subject to the second, third, or fourth cause of challenge in Article 35.16, though both parties may consent.' [1]

A disinclination to accept responsibility is not listed as a reason for the trial judge *sua sponte* to excuse a venire person. The trial judge clearly erred.[2] We must now decide whether this error is harmful. [Footnote omitted.]"

"In *Payton v. State*, 572 S.W.2d 677, 680 (Tex.Cr.App. 1978) the Court set forth a test devised to show harm for the erroneous exclusion of a qualified juror:

> 'Harm may be shown in the erroneous exclusion of a qualified juror by showing the State exhausted its peremptory challenges.'

See also, *Pearce v. State*, supra. The record before us is not illuminating: Nothing, such as the clerk's jury list showing the peremptory challenges exercised by either side, is included in the record. There is no indication of the required showing of harm. Thus we are constrained to hold that no reversible error has been shown."

---

 In support of his motion for rehearing, the appellant moved to supplement the record with the lists of peremptory challenges. This motion was granted. See V.A.C.C.P. Article 40.09(7). The record now shows that the State exhausted its peremptory challenges. The effect of the trial court's action, "from the perspective of the defendant, [was] the same as if the State had been given an extra peremptory challenge." *Payton v. State,* supra. As the appellant argued in his brief, it is not proper "to exclude from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold." Harm now appearing, the ground must be sustained.

The judgment is reversed, and the cause is remanded.

---

1. "The second, third, and fourth causes of challenge contained in Article 35.16, supra, are:
'2. That he has been convicted of theft or any felony;
'3. That he is under indictment or other legal accusation for theft or any felony;
'4. That he is insane or has such defect in the organs of feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service, or that he is legally blind and either the court or the state in its discretion or the defendant or the prospective juror in his discretion is not satisfied that he is fit for jury service in that particular case.' "

2. "While venireman Clifford may have raised his hand in response to an inquiry about not being a fair juror in a murder case, during the direct interview he made clear that such was not his problem, explaining that he did not want to accept the 'awesome' responsibility of sitting in judgment of another human being. Thus, not only did the trial court excuse the venireman on an impermissible ground, the reason given is a misperception of the attitude expressed by Clifford."