ACCEPTED
04-13-00530-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/5/2015 12:08:32 PM
KEITH HOTTLE
CLERK

IN THE

COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT

OF TEXAS

SAN ANTONIO, TEXAS

\* \* \* \* \*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
1/5/2015 12:08:32 PM
KEITH E. HOTTLE
Clerk

_____

No.04-13-00530-CR

_____

OSCAR DAVID PARDO

Appellant

VS.

STATE OF TEXAS

Appellee

_____

Appealed from the 379TH District Court
of Bexar County, Texas
Trial Court Cause No. 2011-CR-5260

_____

MOTION FOR REHEARING BY APPELLANT

_____

ORAL ARGUMENT REQUESTED          BARRY P. HITCHINGS
                                 645 South Presa
                                 San Antonio, Texas 78210
                                 (210) 224-1433
                                 (210) 224-4840 (telecopier)
                                 State Bar No. 09723600
                                 **ATTORNEY FOR APPELLANT**

# INDEX OF AUTHORITIES

**TEXAS CASES**                                                    **Page(s)**

Brown v. State, 913 S.W.2d 581 (Tex. Crim. App.
    1996) . . . . . . . . . . . . . . . . . . . . . 21-22

Cannady v. State, 11 S.W. 3d 205 (Tex. Crim. App.
    2000). . . . . . . . . . . . . . . . . . . . . . 20

Esquivel v. State, 595 S.W. 2d 516 (Tex. Crim. App.
    1980). . . . . . . . . . . . . . . . . . . . . . 16

Feldman v. State, 71 S.W.3d 738 (Tex. Crim. App.
    2002 . . . . . . . . . . . . . . . . . . . . . . 19

Gonzales v. State, 353 S.W.3d 826 (Tex. Crim. App.
    2011 . . . . . . . . . . . . . . . . . . . . . . 19-20

Hendrickson v. State, 500 S.W. 2d 491 (Tex. Crim.
    App.1973) . . . . . . . . . . . . . . . . . . . 16

Jones v. State, 928 S.W.2d 386 (Tex. Crim. App.
    1998) . . . . . . . . . . . . . . . . . . . . . 21

Martinez v. State, 621 S.W. 2d 797 (Tex. Crim. App.
    1981) . . . . . . . . . . . . . . . . 13, 15-18, 22-23

Moore v. State, 542 S.W. 2d 664 (Tex. Crim. App.
    1976) . . . . . . . . . . . . . . . . . . . . . 16

Payton v. State, 572 S.W.2d 677 (Tex. Crim. App.
    1978) . . . . . . . . . . . . . . . . . . . . . 17

Pearce v. State, 513 S.W.2d 539 (Tex. Crim. App.
    1974) . . . . . . . . . . . . . . . . . . . . . 16

Sanne v. State, 609 S.W. 2d 762 (Tex. Crim. App.
    1980) . . . . . . . . . . . . . . . . . . . . . 16

Valore v. State, 545 S.W. 2d 477 (Tex. Crim. App.
    1977) . . . . . . . . . . . . . . . . . . . . . 16

**TEXAS STATUTES AND CODES**

TEX. CRIM. PROC. CODE ANN. Art 35.16 (b) 3 (Vernon
    2013) . . . . . . . . . . . . . . . . . . 18, 20, 22

## APPELLANT'S MOTION FOR REHEARING POINT OF ERROR NO. 1

**THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GRANTING THE STATE'S CHALLENGE FOR CAUSE AND DISMISSING VENIRE MEMBER 17 WHEN VENIRE MEMBER 17 DID NOT STATE THAT: (1) HE COULD NOT FOLLOW THE LAW BECAUSE HE COULD NOT SIT IN JUDGMENT OF ANOTHER PERSON AND (2) HE (ABSOLUTELY) WOULD AND COULD NOT FOLLOW THE LAW AND APPLY THE LAW TO THE FACTS**

### Statement of the Facts

In its December 17, 2014 Memorandum Opinion and Judgment, the Court of Appeals ruled that the trial court "did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17" (*i.e.* Kevin Post) since venire member number 17 "expressed prejudice, 'in essence', against all phases of the applicable law." Opinion at pages 6-7. However, a detailed review of the facts as shown in the reporter's record shows that such was not the case. A chronological recital of the reporter's record in voir dire as it relates to venire member number 17 (Kevin Post) is set forth below:

1

MS. RUMMEL: . . . . . Okay. Ultimately you're going to be given the charge of the Court, the law, and you're going to be asked, did the defendant commit the crime, and you have to return a verdict of guilty or not guilty. You'll be asked to sit in judgment of another, and whether it be a personal belief, a moral belief, a just I'd-rather-not-belief, whatever it may be, is there anybody that absolutely will not sit in judgment of another. Okay. Number 17 [Kevin Post]

And usually I do a caveat with this one too. Not that you'd rather not sit in judgment, but just cannot do it, will not do it. Is 17 the only one?

VENIREPERSON: No.

MS. RUMMEL: 1, 3. Okay. Before everybody raises their hands again, not would you rather not do it, but you absolutely will not return a verdict. You will not follow the law. You will not apply the law to the facts and you will not return a verdict. Okay. Again, if you absolutely cannot do it, please raise your hand. It could be the same numbers. I'm just explaining it. Okay. Number 1, 3, 5.

VENIREPERSON: I have a question.

MS. RUMMEL: Okay. I'll go over it again. 1 [Ms. Diana Martinez], 3 [Mr. Francis Tejeda], 5 [Mr. Brendan Cockman], 6 [Ms. Anita Gonzales], 17 [Mr. Kevin Post]. Anybody else over here?

THE REPORTER: **He** said, I'm not sure I understood the question.

2

VENIREPERSON: My thing is, **I can make a judgment**, but under these kind of circumstances - -

MS. RUMMEL: That was a whole separate question.

VENIREPERSON: Okay. Thank you.

MS. RUMMEL: Yes. And we are taking notes down - -

MR. MACH: May **he** be allowed - - Your Honor - - excuse me, counsel. Can **he** be allowed to finish his answer? He was a few words into it and she just cut him off and started on something else.

THE COURT: Well, they're conversing. This whole process is hopefully one where the jury and the attorneys can engage each other, so you're welcome to follow up when it's your turn and ask whatever you desire.

MR. MACH: All right. Thank you, sir.

MS. RUMMEL: And I apologize I was cutting you off. You said you had an issue on this type of case.

VENIREPERSON: Right. I just wanted to be sure.

MS. RUMMEL: Sure. And I certainly understand that. This is just notwithstanding the type of case, there are some people that just won't judge for whatever reason. They just will not do it, cannot do it, and they will not ever sign a verdict form, okay?". . . .

(RR. Vol 2, pp. 61-62)(Emphasis Added)

3

MR. MACH: All right. Mr. Post [Venireperson Number 17]

VENIREPERSON: Yes, sir. . . .

MR. MACH: Okay. Did you raise your hand to anything?

VENIREPERSON: Yeah. **I don't feel comfortable in sitting in judgment of anyone else.**

MR. MACH: Without getting too specific, is that a religious conviction or a moral?

VENIREPERSON: I don't believe in a God, so no.

MR. MACH: Well, strike religious out of it then. You just don't think - -

VENIREPERSON: It's mine to take and **I don't feel comfortable with it.**

MR. MACH: Okay. Did you raise your hand to anything else - -

VENIREPERSON: Nope.

MR. MACH: - - we talked about?

VENIREPERSON: Nope.

MR. MACH: All right. Thank you, sir.

(RR. Vol 2, pp. 116-117)(Emphasis Added).

At the conclusion of the voir dire the trial court judge then commented:

4

THE COURT: All right. The jury panel has been excused. Just for the record, the parties have indicated that they agree to strike numbers 1 [Ms. Diana Martinez], 5 [Mr. Brendan Cockman], 7 [Ms. Yolanda Kathryn Stanton], 14 [Ms. Amanda Marie Sanchez], 30 [Ms. Suzanne Deborah Martel] and 49 [Ms. Daryl Ann Denman]. Is that correct?

MS. RUMMEL: Uh-huh.

THE COURT: For the record, is that a yes?

MS. RUMMEL: Yes, That is correct from the State. And 14 and 49 are already - -

MR. MACH: That's correct. That's correct.

MS. RUMMEL: - - excused.

THE COURT: Okay. Now, Mr. Mach, **were there any that you wanted to bring up?**

MR. MACH: I had marked in addition - - the Court may have marked 8, 19 48 twice. That can't be. 42.

THE COURT: Okay. All right. Let's bring up Number 8, Serna.

MR. MACH: **Which ones do you want?**

MS. RUMMEL: **I said** 8 [Rogelio Flores Serna], **17** [Kevin Post] and 25 [Gerardo Silva]. There was no other - - there was no others in the first then that you wanted to bring up?

MR. MACH: Does the Court have others that we had - - didn't mention?

5

THE COURT: Well, kind of up to y'all.

MR. MACH: I'd like to bring up the Court's list.

THE COURT: I got a few, but it's kind of up to y'all. If y'all are okay with - -

MR. MACH: No.

THE COURT: Let's bring him up to the mike. Let's bring him up to the mike.
   All right, sir. You are Number 8 [Rogelio Flores Serna]; is that correct? Is that right, sir?

VENIREPERSON: Sir, how are you?

THE COURT: Good, good. We asked you back because one or more or both sides may have more questions for you, all right?

VENIREPERSON: Okay.

(RR. Vol 2, pp. 146-147)(Emphasis Added)(Names and numbers of venirepersons found in Supplemental Clerk's Record pp, 3-6). At the conclusion of the voir dire, in response to the trial court judge's query of "were there any that you wanted to 'bring up' for additional questioning, the Appellant's attorney (Mr. Mach) and the State's attorney (Ms. Rummel) identified venire members 8, 17, 19, 25 and 42 as persons they wanted to further

6

question before the bench.(RR. Vol. 2, p. 147). The State's attorney (Ms. Rummel) and the Appellant's attorney (Mr. Mach) then proceeded to question venireperson number 8 (Rogelio Flores Serna) before the trial court judge and outside of the presence of the other venirepersons. (RR. Vol. 2, pp. 148-153). After granting the State's challenge for cause against venireperson number 8 (Mr. Serna), the following exchange took place:

> MS. RUMMEL: The State requested to bring up Number 17 [Mr. Kevin Post].
>
> THE COURT: All right. So Number 17, the State's going to challenge him?
>
> MS. RUMMEL: Uh-huh.
>
> THE COURT: All right. He mentioned in several different instances he would not be fair and he is the individual that said that he could not sit in judgment of another one; is that correct?
>
> MS. RUMMEL: Yes. And then I followed - - I believe that I said, Will you follow the law and can you render a verdict, and he said, **No, I can't do it. Won't follow the law, Judge.**
>
> MR. MACH: Let's give him a chance.
>
> THE COURT: All right. I'm going to grant the

7

State's challenge for Number 17.

MR. MACH: Well, Your Honor, I respectfully request a chance to rehabilitate him.

THE COURT: Yes, sir. You had an opportunity to question him during voir dire and you did talk to him in voir dire and I'll deny that.

(RR. Vol. 2, pp. 153-154)(Emphasis Added)

As noted in Appellant's Brief, Appellant's trial attorney objected to the exclusion of Venireperson Number 17 (Kevin Post) by the trial court, requested additional preemptory strikes, objected to venireperson numbers 31 and 33 being included with the jury and moved for a mistrial which was all denied by the trial court. (Appellant's Brief pp. 19-22).

After reviewing the reporter's record (as cited above) the Court of Appeals concluded that:

> "the essence" of the statements made by venire member number 17 was that he could not follow the law because he could not sit in the judgment of another person. When asked whether he would follow the law and apply the law to the facts, venire member number 17 expressed that he absolutely could not do it. Thus, venire member number 17 expressed prejudice, "in essence", against all phases of the applicable law. Because bias or prejudice against any law upon which the State intends to rely is a proper ground

8

> for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17. *See Gonzales*, 353 S.W.3d at 831.

Court of Appeals Opinion at pp. 6-7. However, the conclusion of the Court of Appeals that venire member number 17 stated that: (1) he could not follow the law because he could not sit in the judgment of another person; and (2) he (absolutely) would not follow the law and apply the law to the facts is contrary to the statements made by venire member 17 [Mr. Post] in the reporter's record.

The alleged statements attributed to venire member 17 that he (1) **could not** follow the law, (2) **could not** sit in the judgment of another person, and (3) he **absolutely could not** follow the law and apply the law to the facts were not statements made by venire member number 17, but were in fact statements and arguments made by the prosecutor Lorina Rummel which she attributed to venire member number 17. (RR. Vol. 2, pp. 61-62). Venire member 17's only **"mistake"** was to raise his hand because he had

9

a question." (RR. Vol. 2, pp. 61-62). The Court Reporter stopped the prosecutor to inform the prosecutor that – "**He** said, I'm not sure I understood the question." (RR. Vol. 2, p. 62). The venire member responded by stating:

> VENIREPERSON: My thing is, **I can make a judgment, but under these kind of circumstances** - -

when he was interrupted by the prosecutor before he could finish his statement. (RR. Vol 2, p. 62). When Appellant's trial attorney complained to the trial judge that "she just cut him off" the trial judge informed Appellant's trial attorney that "you're welcome to follow up when it's your turn and ask whatever you desire." (RR. Vol 2, pp. 61-63). When Appellant's trial attorney questioned venire member 17 (Mr. Post), if he had raised his hand to anything, Mr. Post responded by stating:

> VENIREPERSON: Yeah. **I don't feel comfortable in sitting in judgment of anyone else.** . . . and **I don't feel comfortable with it.**

(RR. Vol. 2, p.117)(Emphasis Added). When the Appellant's trial attorney asked venire member 17 if he had raised his hand to anything else, venire member 17 responded –

10

"Nope." (RR. Vol 2, p. 117).

After the State requested to bring venire member 17 [Kevin Post] before the bench for questioning on a challenge for cause (and apparently without venire member 17 being before the bench) the trial court judge showed confusion as to the statements actually made by Mr. Post when the trial judge stated:

> THE COURT: All right. **He mentioned** in several instances **he would not be fair** and he is the individual that **said he could not sit in judgment of another one**; is that correct?
>
> MS. RUMMEL: Yes. And then I followed - - I believe that I said, **Will you follow the law** and **can you render a verdict**, and **he said, No, I can't do it. Won't follow the law. Judge**.

(RR. Vol 2, p. 153)(Emphasis Added). However, the statements of the trial court judge and the prosecutor attributed to Kevin Post (venire member number 17) are not supported by the reporter's record and are, in fact, contrary to the reporter's record. Such statements are solely the prosecutor's argument, not the statements of venire member number 17. Venire member 17 (Kevin Post's)

11

only "statements" were: (1) "I have a question"; (2) "My thing is, I can make a judgment, but under these kind of circumstances - -"; (3) "Right. I just wanted to be sure"; (4) "Yeah, I don't feel comfortable in sitting in judgment of anyone else"; (4) "It's mine to take and I don't feel comfortable with it"; and (5) "Nope" (when asked by Appellant's trial attorney if he had raised his hand to anything else." (RR. Vol. 2, pp. 61-62, 116-117).

Five (5) venire members raised their hands in response to the prosecutor's question of "is there anybody that absolutely will not sit in judgment of another?" (RR. Vol 2, p. 61). The five (5) venire members were numbers: 1 [Ms. Diana Martinez who was an agreed strike]; 3 [Mr. Francis Tejeda - struck for cause when he admitted he couldn't be fair]; 5 [Mr. Brendan Cockman who was an agreed strike]; 6 [Ms. Anita Gonzales - struck for cause when she said "I cannot be fair"]; and 17 [Mr. Kevin Post]. (Supplemental Clerk's Record pp, 3-6; RR. Vol 2, pp. 91, 94-96, 146-147). Of the five (5) venire members the only disagreement between the State and the Appellant concerned venire member 17 (Kevin

12

Post).

## Argument and Authorities

The Court of Appeals' December 17, 2014 Memorandum Opinion and Judgment ignores the Texas Court of Criminal Appeals opinion in <u>Martinez v. State</u>, 621 S.W.2d 797 (Tex. Crim. App. 1981) which was argued by Appellant in his Appellant's Brief and Reply Brief of Appellant. As previously set forth in Appellant's two briefs, in the Texas Court of Criminal Appeals *en banc* opinion in <u>Martinez</u>, the venire member Mr. Clifford, following general and individual voir dire, was called to the bench to answer specific questions. While answering questions by the trial court judge, venire member Clifford stated "I don't think I am qualified to sit in judgment of another human being" and "I think the responsibility is more awsome [*sic*] than I want to accept to judge another human being" when the trial court judge interrupted the prosecutor and stated "I am going to excuse him" over the objections of the Appellant's attorney. <u>Id</u>. at 798.

In comparing venire member Clifford (in <u>Martinez</u>) with venire member Post in Appellant's case, there are

striking similarities and differences. Venire member Clifford was questioned at the bench following general and individual voir dire. Despite the State's request to bring venire member Kevin Post before the bench to question him, the trial court judge granted the State's challenge for cause (to venire member Post) over the objection of Appellant's trial attorney without either side having an opportunity to question venire member Post before the bench (despite such a request by the State). As noted previously, the trial court judge showed confusion as to the statements actually made by venire member Post when the trial court judge commented that "[h]e mentioned in several instances that he could not be fair and he is the individual that said he could not sit in judgment of another. . . ." (RR. Vol. 2, p. 153). The trial court judge granted the State's challenge for cause based upon the prosecutor's erroneous claims attributed to venire member Post that – "I believe that I said, Will you follow the law and can you render a verdict, and he said, No, I can't do it. Won't follow the law, Judge." (RR. Vol. 2, pp. 153-154). However, the record fails to

14

show such statements by venire member Post. When Appellant's trial attorney stated – "Let's give him a chance" the trial court judge responded by stating – "I'm going to grant the State's challenge for Number 17." (RR. Vol. 2, p. 154).

Venire member Clifford in Martinez expressed the same reservations as venire member Post when venire member Clifford told the trial court judge that "I don't think I am qualified to sit in judgment of another human being" and "I think the responsibility is more awsome [*sic*] than I want to accept to judge another human being. . . ." Martinez at 798. Both venire members Clifford (in Martinez) and Post (in Appellant's case) expressed "a disinclination to accept responsibility" in judging another person. Venire member Clifford was "struck" for cause by the trial court in Martinez for expressing such a disinclination. After the State requested that venire member approach the bench for questioning, venire member Post was "struck" for cause by the trial court before either the State or the Appellant questioned venire member Post before the bench. The trial court judge

15

granted the State's challenge for cause to venire member Post in Appellant Pardo's case based upon the same reservations and disinclination expressed by venire member Clifford in the Martinez case.

As pointed out in the Appellant's Brief and the Reply Brief, the Texas Court of Criminal Appeals in Martinez in quoting from Esquivel v. State, 595 S.W.2d 516, 524 (Tex. Crim. App. 1980) noted that the Esquivel court reiterated the well settled rule that:

> [a] trial judge should not on its own motion excuse a prospective juror for cause unless he is *absolutely disqualified* from serving on a jury. This rule is also stated in Sanne v. State, 609 S.W.2d 762, 770 (Tex.Crim.App. 1980), Valore v. State, 545 S.W.2d 477 (Tex.Crim.App. 1977), Moore v. State, 542 S.W.2d 664 (Tex.Crim.App. 1976), Pearce v. State, 513 S.W.2d 539 (Tex.Crim.App. 1974) and Hendrickson v. State, 500 S.W.2d 491 (Tex.Crim.App. 1973).

Id. at 797-798. (Emphasis Texas Court of Criminal Appeals). The Texas Court of Criminal Appeals in Martinez in reversing the judgment of the trial court emphasized that under the Texas Code of Criminal Procedure – "A disinclination to accept responsibility is not listed as a reason for the trial judge *sua sponte* to excuse a

16

venire person" and "[t]he trial court judge clearly erred." Id. at 799.

After finding reversible error in Martinez, the Texas Court of Criminal Appeals in its *en banc* opinion then proceeded to decide whether the trial court's error in Martinez was harmful. The Texas Court of Criminal Appeals in Martinez noted that:

> [i]n Payton v. State, 572 S.W.2d 677, 680 (Tex.Crim.App. 1978) the Court set forth a **test** devised **to show harm** for the erroneous exclusion of a qualified juror:
>
> 'Harm may be shown in the **erroneous exclusion** of a qualified juror by showing that the State exhausted its preemptory challenges.' See also, *Pearce v. State,* supra.

Martinez at 799. (Emphasis Added). After examining the trial court record showing the lists of preemptory challenges, the Texas Court of Criminal Appeals in Martinez noted that the record showed that the State had exhausted its preemptory challenges. In its harm analysis, the Texas Court of Criminal Appeals in Martinez concluded that:

> [t]he effect of the trial court's action, "from the perspective of the defendant,

17

> [was] the same as if the State had been given an extra preemptory challenge." *Payton v. State,* supra. As the appellant argued in his brief, **it is not proper** "to **exclude** from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold. **Harm now appearing**, the ground must be sustained.
>
> The judgment is reversed, and the cause remanded.

Martinez at 799. (Emphasis Added).

Although Martinez represents a case in which the trial court on its own motion "struck" a veniremember for cause, Article 35.16 of the Texas Code of Criminal Procedure (entitled "Reasons for Challenge for Cause") addresses challenges for cause made by either the state or the defense. Specifically, Article 35.16 (b) 3 provides that:

> [a] challenge for cause may be made by the State for any of the following reasons: . . . .
> 3. That he [a juror] has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment.

In Gonzales v. State, the Texas Court of Criminal Appeals ruled that in applying such a standard to a venire member:

> [t]he test is whether the venireperson's "bias or prejudice would substantially impair [his] ability to carry out his oath and instructions in accordance with the law." *citing* Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). To establish that the challenge for cause is proper, the proponent of the challenge must show that the venireperson understood the requirements of the law and could not overcome his prejudice well enough to follow the law. Feldman at 747. So before a venireperson may be excused for cause on this basis, the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views.

353 S.W.3d 826, 831-32. In Gonzales, venireperson Murdock provided answers that she would not afford the Appellant the right to remain silent and would shift the burden of proof to the Appellant. Id. at 832. However, the Court of Criminal Appeals concluded that venireperson Murdock's statements were based upon "a misunderstanding of the law." Id. However, when the trial court judge explained the requirements of jury service to venireperson Murdock and asked whether she could still follow the law and the instructions of the Court and follow her oath, veniremember Murdock responded — "Yes, I will do that." Id. at 836. On appeal, the Court of Criminal Appeals

overruled Appellant's point of error denying Appellant's challenge for cause to venireperson Murdock. Id. at 837.

In Cannady v. State, the Texas Court of Criminal Appeals overruled an Appellant's two points of error in which a trial court judge denied two challenges for cause to veniremembers. 11 S.W.3d 205, 209-210 (2000). One veniremember testified that the fact that Appellant was already in prison would affect his ability to presume the Appellant innocent. Id. at 209. The second veniremember testified that as a correctional officer he had witnessed a murder by a prisoner of another prisoner in his unit and had expressed his dissatisfaction with the jury acquitting the defendant. However, despite both veniremembers occasional confusion on the issues, both veniremembers testified that they could listen to the facts and make a determination based solely on the facts and the law. Id. at 210.

In Jones v. State, the Texas Court of Criminal Appeals ruled that "before a veniremember can be properly challenged under Article 35.16 (b) (3), the law must be explained to him and he must be asked whether he can

20

follow that law regardless of his personal views. 982 S.W.2d 386, 390 (1998) *citing* <u>Chambers v. State</u>, 903 S.W.2d 21, 29 (Tex. Crim. App. 1995). In <u>Jones</u>, the Court of Criminal Appeals concluded that because the relevant law was not explained to veniremember Snyder, she was not subject to a challenge for cause. <u>Id</u>. at 390.

In <u>Brown v. State</u>, the Texas Court of Criminal Appeals considered a case in which venireperson Stagner vacillated between stating that "she definitely ***would*** be able to follow the law and stating that she definitely ***would not*** be able to follow the law and stating that she ***did not know for sure*** whether she could follow the law. 913 S.W.2d 581 (1996). The Court of Criminal Appeals concluded that:

> [i]n other words, nothing is left to the discretion of the trial court when the venireperson is unequivocal as to their ability to follow the law. If they testify unequivocally that they ***can*** follow the law despite personal prejudices, the trial court abuses its discretion in allowing a challenge for cause on that basis. Likewise, if they testify unequivocally that they ***cannot*** follow the law due to their personal biases, the trial court abuses its discretion in failing to grant a challenge

21

for cause on that basis. . . .

Id. at 580. However, the Texas Court of Criminal Appeals reinstated the judgment of the trial court by ruling that "when the record reflects a vacillating venireperson, the reviewing court is bound by the trial court's judgment in the matter." Id at 580-581.

As noted on page 12 of this Motion for Rehearing, veniremember 17 [Kevin Post] made five (5) statements in response to questioning by the State and the defense in which he stated his ability to make a judgment but that he simply did not feel comfortable sitting in judgment of anyone else. The statements attributable to veniremember Post [by the State] that; "he could not be fair", "could not sit in judgment of another one", he "can't follow the law", "won't follow the law" and "can't render a verdict" are simply not supported by the record.

The logic of the Texas Court of Criminal Appeals' opinion in Martinez that "it is **not proper** to **exclude** from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold" is equally applicable to criminal cases in which the State makes a challenge for

22

cause pursuant to Article 35.16 (b) 3 of the Texas Code of Criminal Procedure. As harm was found in <u>Martinez</u> by a trial court judge on its own motion excusing a prospective juror, harm likewise exists in Appellant Pardo's case.

## **<u>PRAYER</u>**

WHEREFORE, Appellant prays that this Honorable Court grant this Motion for Rehearing and reverse the judgment of the trial court and render judgment in favor of the Appellant or in the alternative, reverse the judgment of the trial court and remand the case for further proceedings.

Respectfully submitted,

LAW OFFICES OF
HITCHINGS & POLLOCK
645 South Presa
San Antonio, Texas 78210
(210) 224-1433
(210) 224-4840 (telecopier)


By: /S/ Barry P. Hitchings
BARRY P. HITCHINGS
State Bar No. 09723600
ATTORNEYS FOR APPELLANT

23

## CERTIFICATE OF COMPLAINCE

I certify, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure that this document contains 4279 words.


/S/ Barry P. Hitchings
Barry P. Hitchings


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of January, 2015, a true and correct copy of the Appellant's Motion for Rehearing was served by e-filing at laura.durbin@bexar.org and hand-delivered to the Bexar County Criminal District Attorneys Office, Paul Elizondo Tower, 101 W. Nueva Street, San Antonio, Texas 78205.


/S/ Barry P. Hitchings
BARRY P. HITCHINGS